**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| DELORSE EASON, ) | |
| ) | CASE NO. 1:13-CV-01531 |
| Plaintiff, ) | |
| ) | |
| v. ) | MAGISTRATE JUDGE GREG WHITE |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security ) | **MEMORANDUM OPINION & ORDER** |
| ) | |
| Defendant. ) | |

Plaintiff Delorse Eason ("Eason") challenges the final decision of the Acting Commissioner of Social Security, Carolyn W. Colvin ("Commissioner"), denying her claim for a Period of Disability ("POD"), Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Title(s) II and XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 416(i), 423, 1381 *et seq*. This matter is before the Court pursuant to 42 U.S.C. § 405(g) and the consent of the parties entered under the authority of 28 U.S.C. § 636(c)(2).

For the reasons set forth below, the final decision of the Commissioner is AFFIRMED.

**I. Procedural History**

On December 23, 2010, Eason filed an application for POD, DIB, and SSI alleging a disability onset date of June 1, 2010. (Tr. 111.) Her application was denied both initially and

upon reconsideration. *Id*. Eason timely requested an administrative hearing. *Id*.

On March 7, 2012, an Administrative Law Judge ("ALJ") held a hearing during which Eason, represented by counsel, and an impartial vocational expert ("VE") testified. (Tr. 111.) On April 11, 2012, the ALJ found Eason was able to perform a significant number of jobs in the national economy and, therefore, was not disabled. (Tr. 119-120.) The ALJ's decision became final when the Appeals Council denied further review.

## II. Evidence

*Personal and Vocational Evidence*

Age forty-eight (48) at the time of her alleged onset date, Eason was a "younger" person under social security regulations. *See* 20 C.F.R. §§ 404.1563(c) & 416.963(c). By the time of the hearing, Eason had reached fifty (50) years of age rendering her a "person closely approaching advanced age" under the regulations. *See* 20 C.F.R. §§ 404.1563(d) & 416.963(d). Eason has a limited education and past relevant work as a greeter/fast food worker. (Tr. 119.)

*Relevant Hearing Testimony*

The ALJ posed the following hypothetical question to the VE:

I am going to ask you to assume an individual who at the time of onset was 48 years old and has attached age 50; has a 10-year education; can read and write and perform simple mathematics. Assume further that exertionally she can perform light work as defined in the regulations with the additional limitations that she avoid exposure to hazards such [as] heights, machinery, commercial driving and mental limitations that she can perform simple, repetitive, and some familiar multi-step tasks in a work setting where duties are predictable and static without fast pace or high production demands; and with occasional and superficial social interaction.

(Tr. 36.)

The VE responded that such an individual could not perform Eason's past relevant work.

(Tr. 36.) However, the VE identified the following jobs as examples that such an individual could perform: wire worker, electronics worker, and bench assembler. (Tr. 36-37.)

In a second hypothetical, the ALJ added that the person would be off task at least twenty percent of the time. (Tr. 37.) The VE testified that such an individual would be unemployable. *Id*.

Eason's counsel also posed a hypothetical with numerous additional limitations, including a requirement that the individual be able to sit for 25 to 30 minutes a day, as needed, due to dizzy spells. (Tr. 38.) The VE testified that such a person would be unemployable if he or she was unable to be productive during those 25 to 30 minute periods. *Id*.

### III. Standard for Disability

In order to establish entitlement to DIB under the Act, a claimant must be insured at the time of disability and must prove an inability to engage "in substantial gainful activity by reason of any medically determinable physical or mental impairment," or combination of impairments, that can be expected to "result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.130, 404.315 and 404.1505(a).[1]

---

[1] The entire process entails a five-step analysis as follows: First, the claimant must not be engaged in "substantial gainful activity." Second, the claimant must suffer from a "severe impairment." A "severe impairment" is one which "significantly limits ... physical or mental ability to do basic work activities." Third, if the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment, or combination of impairments, meets a required listing under 20 C.F.R. § 404, Subpt. P, App. 1, the claimant is presumed to be disabled regardless of age, education or work experience. 20 C.F.R. §§ 404.1520(d) and 416.920(d)(2000). Fourth, if the claimant's impairment does not prevent the performance of past relevant work, the claimant is not disabled. For the fifth and final step, even though the claimant's impairment does prevent performance of past relevant work, if other work exists in the national economy that can be performed, the claimant is not disabled. *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

A claimant is entitled to a POD only if: (1) she had a disability; (2) she was insured when she became disabled; and (3) she filed while she was disabled or within twelve months of the date the disability ended. 42 U.S.C. § 416(i)(2)(E); 20 C.F.R. § 404.320.

Eason was insured on her alleged disability onset date, June 1, 2010, and remained insured through the date of the ALJ's decision. (Tr. 113.) Therefore, in order to be entitled to POD and DIB, Eason must establish a continuous twelve month period of disability commencing between June 1, 2010 and April 11, 2012. Any discontinuity in the twelve month period precludes an entitlement to benefits. *See Mullis v. Bowen,* 861 F.2d 991, 994 (6th Cir. 1988); *Henry v. Gardner*, 381 F. 2d 191, 195 (6th Cir. 1967).

A disabled claimant may also be entitled to receive SSI benefits. 20 C.F.R. § 416.905; *Kirk v. Sec'y of Health & Human Servs.,* 667 F.2d 524 (6th Cir. 1981). To receive SSI benefits, a claimant must meet certain income and resource limitations. 20 C.F.R. §§ 416.1100 and 416.1201.

### IV. Summary of Commissioner's Decision

The ALJ found Eason established medically determinable, severe impairments, due to benign colloid brain cyst, migraine headaches, hypertension, and depressive disorder. (Tr. 113.) However, her impairments, either singularly or in combination, did not meet or equal one listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. *Id*. Eason was found incapable of performing her past relevant work, but was determined to have a Residual Functional Capacity ("RFC") for a limited range of light work. (Tr. 115, 119.) The ALJ then used the Medical Vocational Guidelines ("the grid") as a framework and VE testimony to determine that Eason was not disabled.

**V. Standard of Review**

This Court's review is limited to determining whether there is substantial evidence in the record to support the ALJ's findings of fact and whether the correct legal standards were applied. *See Elam v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003) ("decision must be affirmed if the administrative law judge's findings and inferences are reasonably drawn from the record or supported by substantial evidence, even if that evidence could support a contrary decision."); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983). Substantial evidence has been defined as "[e]vidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966); *see also Richardson v. Perales*, 402 U.S. 389 (1971).

The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. *Buxton v. Halter*, 246 F.3d 762, 772-3 (6th Cir. 2001) (*citing Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)); *see also Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999) ("Even if the evidence could also support another conclusion, the decision of the Administrative Law Judge must stand if the evidence could reasonably support the conclusion reached. *See Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997).") This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference. *Mullen*, 800 F.2d at 545 (*citing Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

In addition to considering whether the Commissioner's decision was supported by substantial evidence, the Court must determine whether proper legal standards were applied.

5

Failure of the Commissioner to apply the correct legal standards as promulgated by the regulations is grounds for reversal.  *See, e.g.,White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281 (6th Cir. 2009); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2006) ("Even if supported by substantial evidence, however, a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.")

Finally, a district court cannot uphold an ALJ's decision, even if there "is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result."  *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (*quoting Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir.1996); *accord Shrader v. Astrue*, 2012 WL 5383120 (E.D. Mich. Nov. 1, 2012) ("If relevant evidence is not mentioned, the Court cannot determine if it was discounted or merely overlooked."); *McHugh v. Astrue*, 2011 WL 6130824 (S.D. Ohio Nov. 15, 2011); *Gilliam v. Astrue*, 2010 WL 2837260 (E.D. Tenn. July 19, 2010); *Hook v. Astrue*, 2010 WL 2929562 (N.D. Ohio July 9, 2010).

## VI.  Analysis

*RFC Determination*

Eason argues that the RFC finding is not supported by substantial evidence, because it did not incorporate all of her functional limitations.  (ECF No. 17 at 10-14.)  The Commissioner argues that the limitations Eason believes should have been incorporated into the RFC and concomitant hypothetical were simply not supported by the medical evidence of record.  (ECF No. 18 at 11-14.)

6

The RFC determination sets out an individual's work-related abilities despite their limitations. *See* 20 C.F.R. § 416.945(a). A claimant's RFC is not a medical opinion, but an administrative determination reserved to the Commissioner. *See* 20 C.F.R.§ 416.927(d)(2). An ALJ "will not give any special significance to the source of an opinion on issues reserved to the Commissioner." *See* 20 C.F.R.§ 416.927(d)(3). As such, the ALJ bears the responsibility for assessing a claimant's RFC, based on all of the relevant evidence. *See* 20 C.F.R. § 416.946(c). "Judicial review of the Commissioner's final administrative decision does not encompass re-weighing the evidence." *Carter v. Comm'r of Soc. Sec.*, 2012 U.S. Dist. LEXIS 40828 at **21-22 (W.D. Mich. Mar. 26, 2012) (*citing Mullins v. Sec'y of Health & Human Servs.*, 680 F.2d 472 (6th Cir. 1982); *Reynolds v. Comm'r of Soc. Sec.*, 424 Fed. Appx. 411, 414 (6th Cir. 2011); *Vance v. Comm'r of Soc. Sec.*, 260 Fed. Appx. 801, 807 (6th Cir. 2008)). Moreover, a plaintiff's mere disagreement with the weight an ALJ ascribes to certain opinions does not provide basis for overturning the RFC determination. *Carter*, 2012 U.S. Dist. LEXIS 40828 at **21-22.

A hypothetical question must precisely and comprehensively set forth every physical and mental impairment that the ALJ accepts as true and significant. *See Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). Where the hypothetical question is supported by evidence in the record, it need not reflect unsubstantiated allegations by the claimant. *See Blacha v. Sec'y of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990). In fashioning a hypothetical question to be posed to a VE, the ALJ is required to incorporate only those limitations that he accepts as credible. *Griffeth v. Comm'r of Soc. Sec.*, 217 Fed. Appx. 425, 429 (6th Cir. 2007) (*citing Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir.

7

1993)). However, where the ALJ relies upon a hypothetical question that fails to adequately account for all of the claimant's limitations, it follows that a finding of disability is not based on substantial evidence. *See Newkirk v. Shalala*, 25 F.3d 316, 317 (6th Cir. 1994).

The ALJ found that Eason had an RFC for light work, which involves lifting/carrying ten pounds frequently and 20 pounds occasionally, and could stand/walk for six hours and sit for six hours in an eight-hour workday. (Tr. 115.) In addition, the ALJ found that Eason should not be exposed to hazards such as heights, machinery, or commercial driving. *Id*. She could perform simple, repetitive and some familiar multi-step tasks in a work setting where duties are predictable and static, but could not perform work that requires fast pace or high production demands. *Id*. Finally, she would be limited to occasional and superficial social interactions. *Id.*

Eason complains that the ALJ did not include limitations as to her vision, which she claims is blurry during dizzy spells. (ECF No. 17 at 11.) Similarly, she argues that she can only perform sedentary work given her dizzy spells. *Id*. at 12-13. Eason, however, cites no medical opinion indicating that she had any problems with vision and only two notations in the record that merely reiterate her own subjective complaints. (ECF No. 17 at 5-6, citing Tr. 321, 387, 440.) Eason also fails to cite a single medical opinion that restricts her standing/walking to a sedentary level. The only medical sources cited by Eason that expressly address her ability to stand/walk – state agency physicians Gary Hinzman. M.D., and Steve E. Mckee, M.D. – actually support the ALJ's RFC determination.[2] As such, this Court cannot find that substantial evidence is lacking to support the RFC finding that omits these limitations.

---

[2] Both physicians found Eason could stand/walk for six hours each in an eight-hour workday. (Tr. 55, 85.)

8

Eason also contends that the ALJ failed to include moderate limitations in her ability to maintain concentration, persistence, or pace in the RFC, despite the ALJ's finding at Step Three that Eason had moderate restrictions in this category. (ECF No. 17 at 11-12.) Without any meaningful argument, Eason contends that the ALJ's finding violates *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504 (6th Cir. 2010). Therein, the ALJ, despite concluding that the claimant had moderate difficulties with regard to concentration, persistence *and* pace, completely omitted any speed or pace-based restrictions. *Id*. at 516. The *Ealy* court found that the limitation to "simple" and "repetitive" work did not adequately convey the need for pace-based restrictions. *Id*. Here, by contrast, the ALJ specifically found that Eason could not perform work in "fast pace or high production demands." As such, any comparison to *Ealy* is inappropriate.[3]

To the extent Eason is not challenging the RFC with respect to pace, but rather as to her alleged limitations in concentration and persistence, this too is without merit. First, the phrase "concentration, persistence, or pace" is derived from the express language of the listings dealing with mental impairments. It is one of the four categories of criteria used to assess a claimant's functional limitations. 20 C.F.R. § Pt. 404, Subpt. P, App. 1, Listing 12.00(C). When comparing a claimant's mental impairments with the listings at Step Three, an ALJ will usually determine whether a claimant has limitations in the four categories and, if so, classify the limitation as

---

[3] As specifically noted in a recent decision by another Court of this District, "*Ealy* does not require further limitations in addition to limiting a claimant to simple, repetitive tasks for every individual found to have moderate difficulties in concentration, persistence, or pace." *Saturday v. Comm'r of Soc. Sec.*, 2013 U.S. Dist. LEXIS 180709 (N.D. Ohio Dec. 27, 2013) (internal quotations omitted) (*citing Jackson v. Comm'r of Soc. Sec.*, No. 1:10-CV-763, 2011 U.S. Dist. LEXIS 120476, 2011 WL 4943966, at *4 (N.D. Ohio Oct. 18, 2011) ("*Ealy* stands for a limited, fact-based ruling in which the claimant's particular moderate limitations required additional speed- and pace-based restrictions.")

9

mild, moderate, marked, or extreme. Notably, the criteria concerning limitations in "concentration, persistence, or pace" is written in the disjunctive. Eason's argument is premised on the assumption that the ALJ found she was moderately limited in all three areas, including concentration and persistence. "As a preliminary matter, it is significant to note that the ALJ did not necessarily attribute all three impairments—deficient concentration, persistence, and pace—to [claimant]. The classification is written in the disjunctive." *Brachtel v. Apfel*, 132 F.3d 417, 421 (8th Cir. 1997). In *Brachtel*, the Eighth Circuit explained that even though an ALJ finds limitations in the category of concentration, persistence or pace, this is "not necessarily making a finding that the claimant has all three of these impairments." *Id*. Courts within this District have reached a similar conclusion. *See e.g. Kline v. Astrue*, 2013 U.S. Dist. LEXIS 66287, 2013 WL 1947164 (N.D. Ohio April 17, 2013) report and recommendation adopted, 2013 U.S. Dist. LEXIS 66285, 2013 WL 1946201; *Schooley v. Astrue*, 2010 U.S. Dist. LEXIS 133591, 2010 WL 5283293 at * 2 (N.D. Ohio Dec. 17, 2010). As such, the basic premise of Eason's argument fails.

In addition, even if the Court were to accept Eason's assumption that the ALJ found she was moderately limited in concentration and persistence, the RFC included limitations to simple, repetitive work with static and predictable duties. (Tr. 115.) Eason, however, failed to demonstrate that the limitations included in the RFC failed to account for moderate limitations in concentration and persistence. Eason attempts to equate moderate limitations in concentration and persistence to being off task twenty percent of the time. (ECF No. 17 at 12.) Eason relies on *Green v. Comm'r of Soc. Sec.*, 2009 WL 2365557 at *10 (E.D. Mich., Jul. 28, 2009), which indicated that moderate concentration limitations means drifting off task 20 to 30 percent of the

10

time. The *Green* decision, however, is not binding on this Court and, as it fails to cite any authority for this proposition, is unpersuasive. Furthermore, other decisions from district courts within the Sixth Circuit have declined to follow *Green* or distinguished it. *See, e.g., Smith v. Comm'r of Soc. Sec.*, 2013 WL 6094745 (E.D.Mich., Nov. 20, 2013); *Coney v. Comm'r of Soc. Sec.*, 2014 WL 642225 (W.D.Mich., Feb. 19, 2014); *Schanck v. Comm'r of Soc. Sec.*, 2014 WL 1304816 (E.D.Mich., Mar. 31, 2014); *Walker v. Comm'r of Soc. Sec.*, 2013 WL 5279077 (N.D. Ohio, Sept. 18, 2013); *Southworth v. Comm'r of Soc. Sec.*, 2013 WL 3388946 (E.D.Mich., Jul. 8, 2013). Eason also cites *Johansen v. Barnhart*, 314 F.3d 283, 286 (7th Cir. 2002), arguing that "the Seventh Circuit quantified the meaning of 'moderately limited' to mean 'difficulty in a given area of work-related functioning between twenty-five and fifty percent of the time.'" (ECF No. 17 at 12.) This is not an accurate representation of the *Johansen* decision, which simply observed as follows:

> Later, psychologist Kent Berney reviewed Johansen's files and appeared at the administrative hearing at the request of the agency. Dr. Berney testified that Johansen was moderately limited in his abilities to carry out detailed instructions, maintain attention and concentration, perform activities within a schedule, maintain regular attendance, sustain an ordinary routine without special supervision, and complete a normal workday. When asked by Johansen's counsel to quantify "moderately limited,' Dr. Berney explained that a "moderately limited" individual might experience difficulty in a given area of work-related functioning between twenty-five and fifty percent of the time.

*Johansen*, 314 F.3d at 286.

In fact, another physician in *Johansen* found the claimant was "moderately limited," yet still concluded the claimant could perform low-stress, repetitive work. *Id.* at 289. The *Johansen* court ultimately found no error when the ALJ relied on this other assessment rather than Dr. Berney's testimony. *Id.* This Court does not accept, as Eason argues, that the *Johansen* court

11

adopted Dr. Berney's hearing testimony as a rule of law governing all social security cases.  Finally, in this Court's experience, VEs routinely testify that an individual who is off task twenty percent of the time is unemployable.  If the Court were to accept Eason's argument, an individual who suffers from moderate limitations in concentration would be *per se* unemployable.  The Court declines to make such a drastic holding in the absence of any regulation or binding legal precedent.

Finally, although Eason claims the RFC finding was not supported by substantial evidence, she offers no meaningful argument in support.  Rather, the crux of her argument is that the ALJ should have included other limitations which are based primarily on her own subjective complaints.  The ALJ expressly found that Eason's allegations as to the limiting effects of her symptoms were not credible to the extent they were inconsistent with the RFC.  (Tr. 115.)  Eason has not argued that the ALJ's credibility assessment failed to comport with the regulations.  As such, Eason's argument amounts to an invitation for this Court to conduct an improper *de novo* review of the evidence.  The VE's testimony was given in response to a hypothetical that reasonably reflected all the limitations that the ALJ found valid and credible.  Therefore, the VE's testimony constitutes substantial evidence capable of supporting the finding that Eason could perform jobs existing in significant numbers in the regional and national economies.[4]

---

[4] This Court declines to consider Eason's conclusory statement that the ALJ should have included a restriction as to her ability to maintain attendance and punctuality. (ECF No. 17 at 11.)  Eason completely failed to develop this argument.  It is not the Court's function to comb through the entire record to develop a related argument on her behalf.  *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir.1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.  It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones."); *Meridia Prods. Liab. Litig. v. Abbott Labs.*, No. 04-4175, 2006 U.S. App. LEXIS 11680 (6th Cir. May 11, 2006).

As such, Eason's first assignment of error is without merit.

*Eason's Age and the Medical Vocational Rules*

Eason's second assignment of error is related to her first. She asserts that she should have been found disabled pursuant to the Medical-Vocational guidelines. 20 C.F.R. § 404, Subpt. P, App. 2. Specifically, she asserts that the ALJ did not take into consideration the fact that she transitioned to a person closely approaching advanced age prior to the decision and, therefore, based on Rule 201.09, she should have been found disabled. While Eason correctly identifies the threshold requirements of Rule 201.09, it only applies where a person's maximum sustained work capacity is limited to *sedentary* work. As discussed above, Eason's argument that she should have been limited to sedentary work is without merit. Based on the ALJ's RFC finding for *light* work, the relevant guideline for Eason is Rule 202.10, which applies to a person closely approaching advanced age; with a limited education but literate in English; and, whose previous work experience is unskilled. (Tr. 119.) This latter rule results in a decision of "not disabled." However, as Eason had additional non-exertional impairments, the ALJ appropriately solicited VE testimony instead of relying solely on the Grids.[5] Therefore, the ALJ's failure to specifically mention Eason's age-category change is inconsequential, and Eason's second assignment of error is without merit.

---

[5] Although the guidelines are generally approved as a basis for decision in Social Security disability cases, *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524 (6th Cir. 1981), the characteristics of the claimant must "identically match the description in the grid" for them to be utilized. *Id.* at 528. The guidelines are not fully applicable where the claimant suffers from severe non-exertional impairment(s), in which case it is incumbent upon the ALJ to hear from a vocational specialist to determine whether jobs exist which can be performed by an individual with such an impairment. *Damron v. Sec'y of Health & Human Servs.*, 778 F.2d 279, 282 (6th Cir. 1985).

## VII.  Decision

For the foregoing reasons, the Court finds the decision of the Commissioner supported by substantial evidence.  Accordingly, the decision of the Commissioner is AFFIRMED and judgment is entered in favor of the defendant.

IT IS SO ORDERED.

/s/ Greg White
U.S. Magistrate Judge

Date: May 20, 2014